IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| | : CRIMINAL ACTION NO. |
| v. | : 1:17-cr-0236-AT |
| BRADLEY STACEY GRANT, | : |
| Defendant. | : |

# **ORDER**

Presently before the Court is Magistrate Judge Alan J. Baverman's Report and Recommendation ("R&R") recommending that the Court deny Defendant's motion to dismiss the indictment [Doc. 47]. Defendant's motion at root is based "on the grounds that his guilty plea to child molestation, entered pursuant to the Georgia First Officer Act, where adjudication of guilt was withheld, did not constitute a 'conviction' for purposes of triggering the registration requirements" under the Sex Offender Registration and Notification Act ("SORNA") [Doc. 47 at 1]. Defendant has filed objections to the R&R [Doc. 50]. The issues raised by the objections were extensively briefed before the Magistrate Judge and discussed in the Magistrate Judge's 59-page R&R.

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v.

Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-objected portion on a "clearly erroneous" standard. The Defendant objects on constitutional and statutory grounds to the Magistrate Judge's Report and Recommendation. Specifically, he objects to the Magistrate Judge's determination that Defendant's "First Offender guilty plea to child molestation means he was 'convicted of a sex offense' for purposes of registration under SORNA" [Doc. 47 at 25, 26-40]. Defendant further objects to the Magistrate Judge's determination that the non-delegation doctrine does not bar the United States Attorney General from defining the meaning of the term "conviction" for purposes of SORNA. Finally, Defendant objects to the Magistrate Judge's determination that the SMART guidelines have the force and effect of law on the question of whether Defendant's guilty plea to child molestation under the Georgia First Offender Act constitutes a conviction for purposes of SORNA.

The Court has conducted a de novo review of the parties' briefs and the record in this case in connection with the Defendant's motion to dismiss. Based upon this review, the Court finds that Magistrate Judge Baverman's Final Report and Recommendation provides a thorough and correct analysis of the issues presented by Defendant's motion and objections. The Court agrees with the Magistrate Judge's analysis, recommendations, and alternative

recommendations. Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation [Doc. 47] and **DENIES** the Defendant's Motion to Dismiss the Indictment [Doc. 15].

Finally, Defendant's Motion to Suppress Statements [Doc.16] is also pending before the Court. To the extent Mr. Grant has made any statements that require the Court's review at a pre-trial hearing pursuant to *Jackson v. Denno*, 378 U.S. 368, 376-377 (1984), the Court will conduct such a hearing, as requested in the Defendant's Motion to Suppress Statements [Doc. 16]. But the Court notes that Defendant has not identified any statements he seeks to suppress or sought to pursue this issue in pretrial proceedings before the Magistrate Judge, consistent with the requirements of the Pretrial Scheduling Order [Doc. 8] entered in this case. Therefore, the Court **GRANTS** in part and **DENIES** in part Defendant's Motion to Suppress Statements. [Doc. 16.]

Trial is hereby set for October 15, 2018, at 9:30 AM in Courtroom 2308. The pretrial conference is set for October 10, 2018, at 4:00 PM in Courtroom 2308. Defendant is required to attend the pretrial conference or present awritten waiver of his attendance. By September 20, 2018, the parties are to file any motions in limine and proposed voir dire questions. By September 20, 2018, the Government is to file a summary of the indictment for use in voir dire. By October 3, 2018, the parties are to file any objections to those items listed above.

So **ORDERED** this 29th day of August, 2018.

_____
Amy Totenberg
United States District Judge